**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TAMMY L. FOWLER
o/b/o E.J.A.,**

                          **Plaintiff,**

   vs.                                       5:14-cv-01390
                                                        (MAD/ATB)

**COMMISSIONER OF SOCIAL
SECURITY,**

                          **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**CONBOY, MCKAY, BACHMAN**          **PETER L. WALTON, ESQ.**
**& KENDALL, LLP**
407 Sherman Street
Watertown, New York 13601-9990
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **SIXTINA FERNANDEZ, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

### I. INTRODUCTION

Plaintiff Tammy L. Fowler ("Plaintiff") brought this action on behalf of her son, E.J.A.[1]

("claimant"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking a review of the Commissioner

of Social Security's (the "Commissioner") decision to deny E.J.A.'s application for Supplemental

---

[1] Throughout this decision, the minor on whose behalf this action was brought by Plaintiff will be referred to by his initials or as "claimant."

Security Income ("SSI") payments under the Social Security Act, 42 U.S.C. § 401 *et seq*. *See* Dkt. No. 1. The matter was referred to United States Magistrate Judge Andrew T. Baxter for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Magistrate Judge Baxter recommended that this Court affirm the decision of the Commissioner, denying Plaintiff's application for benefits, and dismiss Plaintiff's complaint. *See* Dkt. No. 9. Presently before the Court are Magistrate Judge Baxter's November 23, 2015 Report-Recommendation and Plaintiff's objections thereto. *See* Dkt. Nos. 9, 21.

## II. BACKGROUND

This Court adopts the facts set forth in Magistrate Judge Baxter's Report-Recommendation as complete and accurate. For a complete recitation of the facts, *see* Dkt. No. 9. Plaintiff filed an application for SSI on behalf of her son, E.J.A., on March 29, 2007. *See* Dkt. No. 6, Administrative Transcript ("T.") at 127-33. After Plaintiff's application was denied on June 18, 2007, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *See id.* at 59-63, 64-66. Following the hearing, the ALJ found that E.J.A. was not disabled in a decision dated January 8, 2010, and the Appeals Council denied Plaintiff's request for review on July 18, 2011, rendering the ALJ's decision the Commissioner's final decision. *See id.* at 1-6, 10-30.

On September 14, 2011, Plaintiff commenced an action challenging the decision, and the case was remanded for additional administrative action. *See id.* at 470-73, 503. On September 5, 2012, the Appeals Council vacated the January 8, 2010 ALJ decision and remanded the case for a supplemental hearing and redetermination of disability. *See id.* at 379, 506-10. On April 11, 2013, Plaintiff and E.J.A. appeared and testified at a supplemental hearing. *See id.* at 411-42. Thereafter, the ALJ issued a decision on April 25, 2013, finding that E.J.A. was not disabled from the date of his application for disability through the date of the ALJ decision. *See id.* at 376-410.

This became the Commissioner's final decision when Plaintiff's request for review was denied by the Appeals Council on September 18, 2014. *See id.* at 367-69. Plaintiff commenced this action on November 17, 2014, challenging the ALJ's April 25, 2013 decision. *See* Dkt. No. 1. Both parties have moved for judgment. *See* Dkt. Nos. 7, 8. In her brief, Plaintiff raised the following arguments: (1) the ALJ erred in finding that E.J.A. did not have marked limitations in two or more domains of functioning; (2) the ALJ's credibility findings regarding Plaintiff and E.J.A. were not supported by substantial evidence; and (3) the ALJ failed to properly consider the effects of E.J.A.'s structured or supportive setting. *See* Dkt. No. 7 at 13-27. Defendant maintains that the ALJ applied the correct legal standards in determining that Plaintiff is not disabled and that the decision is supported by substantial evidence. *See* Dkt. No. 8. Magistrate Judge Baxter issued a Report-Recommendation on November 23, 2015 recommending that the ALJ's decision be affirmed. *See* Dkt. No. 9.

### III. DISCUSSION

In a judicial review of a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine anew whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the administrative transcript to ascertain whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *See Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained. *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). This Court must afford the Commissioner's determination considerable deference, and may not substitute its own judgment, even if a different result could be justifiably reached by the Court if it engaged in its own analysis. *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). "To the extent . . . that [a] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Watson v. Astrue*, No. 08 Civ. 1523, 2010 WL 1645060, *1 (S.D.N.Y. Apr. 22, 2010) (quotation omitted).

Plaintiff objects to the Report-Recommendation on numerous grounds. First, Plaintiff contends that the ALJ's conclusion that E.J.A. had a less than marked limitation in the domains of attending and completing tasks and interacting and relating with others is not supported by substantial evidence. *See* Dkt. No. 10. Plaintiff does not provide any specific reasons for her

4

objection to the ALJ's findings regarding the domain of interacting and relating with others, nor does Plaintiff identify any specific deficiencies within the ALJ's findings in this domain. *See id.* Rather, Plaintiff points to various references in the record in reaching the conclusion that E.J.A. suffers from a marked limitation in interacting and relating with others. *See id.* at 4-5. Further, Plaintiff argues that the ALJ's credibility findings regarding Plaintiff and E.J.A. are legally insufficient and lack specificity, and that the ALJ erred in failing to properly consider the effects of E.J.A.'s structured or supportive setting. *See id.* The Court finds that Plaintiff's objections are abbreviated reiterations of her original arguments. Accordingly, the Court will review the Report-Recommendation for clear error.

In his Report-Recommendation, Magistrate Judge Baxter recommended that the ALJ's findings be affirmed because they were supported by substantial evidence in the record and that Plaintiff's complaint should be dismissed. *See* Dkt. No. 9. Specifically, Magistrate Judge Baxter found that the ALJ's determinations that E.J.A. suffered from a less than marked impairment in the domains of attending and completing tasks, interacting and relating with others, and caring for oneself were supported by substantial evidence. *See id.* at 17, 22, 25. Magistrate Judge Baxter found that the ALJ's credibility assessments regarding Plaintiff and E.J.A. were supported by substantial evidence. *See id.* at 10-25. As Magistrate Judge Baxter correctly noted, the ALJ's credibility assessment of Plaintiff's testimony revealed numerous inconsistencies with the record evidence, including: (1) the effectiveness of E.J.A.'s medication; (2) E.J.A.'s school performance; (3) E.J.A.'s ability to dress and care for himself at an age appropriate level; and (4) the impacts of E.J.A.'s speech limitation. *See id.* at 25. Similarly, in regard to E.J.A., Magistrate Judge Baxter found that the ALJ weighed E.J.A.'s testimony at the supplemental hearing against the school records and medical records in concluding that E.J.A. did not qualify as disabled. *See id.* at 25-

5

28; T. at 386-392. Further, Magistrate Judge Baxter found that the ALJ satisfied his obligation to consider E.J.A.'s functioning outside of the structured setting of his special education classroom and other educational accommodations provided by his individual education plan ("IEP"). *Id.* at 28-30. Magistrate Judge Baxter specifically found that the ALJ satisfied this obligation by considering an evaluation by E.J.A.'s eighth grade teacher, reviewing E.J.A.'s most recent report card, and conducting a broad review of E.J.A.'s ability to function in a variety of structured and non-structured settings as well as special education and non-modified classrooms, among other evidence. *See id.* at 29.

The Court has reviewed the findings of the Report-Recommendation and the Administrative Transcript in its entirety. The Court finds that Magistrate Judge Baxter correctly concluded that the ALJ's determination that E.J.A. does not have an impairment or combination of impairments that functionally equals the severity of the listings pursuant to 20 C.F.R. § 416.926a, properly assessed Plaintiff's and E.J.A.'s credibility, and properly considered E.J.A.'s functioning outside of his supportive setting.

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Baxter's November 23, 2015 Report-Recommendation (Dkt. No. 9) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 8) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 29, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge